# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE E. RODRIGUEZ, CDCR # T-68300<br><br>                     Plaintiff,<br><br>vs.<br><br>DR. RAMSEY HOMER; DR. JAN MARIE ALARCON; THOMAS MEJIA,<br><br>                    Defendants. | Civil No.   07-1928 JAH (WMc)<br><br>**ORDER DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.   PROCEDURAL HISTORY

On October 2, 2007, Plaintiff, a former state inmate currently detained as a civil committee at Atascadero State Hospital, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff alleged that a prison doctor provided him with a "false" diagnosis, and another refused his requests to discontinue psychiatric medication during his incarceration at Richard J. Donovan Correctional Facility in San Diego. Plaintiff further alleged that the Board of Prison Terms ("BPT") Commissioner Thomas Mejia violated his due process rights during a 2007 placement hearing and "falsely imprisoned" him.

The Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") but sua sponte dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Jan. 16, 2008 Order 9-10. Nonetheless, the Court provided

1  Plaintiff with the opportunity to correct the deficiencies of pleading by filing a First Amended
2  Complaint. Plaintiff filed his First Amended Complaint ("FAC") on February 29, 2008 [Doc.
3  No. 4].

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

////

In his First Amended Complaint, Plaintiff alleges that his due process rights were violated when he agreed to a plea bargain that led to his civil commitment at Atascadero State Hospital. (FAC at 3.) While not entirely clear, Plaintiff appears to allege he never agreed to the civil commitment which was later made part of his plea bargain for unspecified criminal charges. (*Id.*) However, these claims amount to an attack on the constitutional validity of an underlying state criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his criminal proceedings and continuing civil commitment. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. More recently, the Ninth Circuit has held that the *Heck* favorable rule applies to civil commitment proceedings. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the

conviction and/or civil commitment which forms the basis of his § 1983 First Amended Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's First Amended Complaint alleges no facts sufficient to satisfy *Heck*. While Plaintiff alleges that he is no longer serving his criminal sentence, according to his First Amended Complaint he remains civilly committed at Atascadero State Hospital. (*See* Compl. at 1.) Thus, a suit for money damages based on his civil commitment is not yet cognizable. *Huftile*, 410 F.3d at 1140. Accordingly, because Plaintiff seeks damages for allegedly unconstitutional civil commitment proceedings, and because he has not, and apparently *cannot* currently show his conviction and/or commitment has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his First Amended Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an

arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

DATED: April 11, 2008

JOHN A. HOUSTON
United States District Judge